UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

```
YINGLI GREEN ENERGY AMERICAS,   )   No. CV 12-09563-VBK
INC.,                           )
                                )   MEMORANDUM AND ORDER
              Plaintiff,        )
                                )
     v.                         )
                                )
AMERICAN CAPITAL ENERGY, INC.,  )
                                )
              Defendant.        )
                                )
```

On November 8, 2012, Plaintiff Yingli Green Energy Americas, Inc., a Delaware corporation (hereinafter "Yingli"), filed a "Complaint for Writ of Possession" against Defendant American Capital Energy, Inc., a New Jersey corporation ("ACE"), in the United States District Court for the Central District of California. Yingli seeks the immediate repossession of over $3,000,000.00 worth of solar panels that it sold to ACE and for which Ace allegedly has failed to pay Yingli. Yingli alleges the solar panels are presently being housed in a warehouse owned and operated by a third party agent of ACE, Expeditors, in the City of Carson, California. (Complaint at ¶ 1.)

On December 5, 2012, Yingli filed an "Application for Writ of Possession;" "Declaration of Mathew Sachs in Support of Application for

Case 2:12-cv-09563-VBK   Document 27   Filed 01/23/13   Page 2 of 13   Page ID #:211

Writ of Possession;" "Declaration of Tim Larrison in Support of Application for Writ of Possession;" "Declaration of Michael B. McCollum in Support of Application for Writ of Possession;" and "[Proposed] Order Granting Plaintiff's Application for Writ of Possession."

On December 19, 2012, ACE filed a "Motion of American Capital Energy Inc. to Dismiss and Memorandum in Support of Motion to Dismiss" ("MTD"), pursuant to 28 U.S.C. § 1406(a) and Federal Rules of Civil Procedure ("Fed.R.Civ.P.") Rules 12(b)(3), 12(b)(6) and 12(b)(1). Alternatively, ACE requests the Court to transfer the case to the Courts in the State of New York. ACE contends that Yingli ignores a valid forum selection clause which requires any disputes to be resolved exclusively by litigation in the federal or state courts situated in New York, New York. ACE also argues the action should be dismissed because it violates the rule against "claim splitting" and the "first to file rule" because the same claims are being raised in arbitration.

On December 24, 2012, Yingli filed "Yingli's Opposition to American Capital Energy's Motion to Dismiss." Yingli contends that the last sentence in the forum selection clause gives Yingli the right to pursue litigation in "any jurisdiction or jurisdictions." Yingli also argues that this action does not violate the rule against "claim splitting" and the "first to file rule" because this action does not seek the same relief as the arbitration. Yingli alleges repossession of the solar panels is authorized under its Security Agreement and is sought in conjunction with the arbitration.

On January 4, 2013, Yingli filed a "Notice of [ACE's] Non-Opposition to Plaintiff's Application for Writ of Possession."

On January 8, 2013, ACE filed "Affidavits of Defendant American Capital Energy, Inc. in Support of its Motion to Dismiss and Opposing

Yingli's Writ of Attachment" and "Declaration of Robert K. Dowd in Support of its Motion to Dismiss and Opposing Yingli Writ of Attachment."

On January 9, 2013, the Court issued a Minute Order vacating the January 15, 2013 hearing on the Application for Writ of Possession and Motion to Dismiss.

On January 10, 2013, Yingli filed "Plaintiff's Objection and Opposition to Affidavits of Defendant American Capital Energy, Inc. in Support of its Motion to Dismiss and Opposing Yingli's Writ of Possession" and "Plaintiff Yingli Green Energy Americas, Inc.'s Evidentiary Objections to Declaration of Thomas Hunton in Support of Defendant American Capital Energy, Inc.'s Motion to Dismiss and Opposition to Yingli's Writ of Possession."

The Court finds the matters appropriate for decision without oral argument. See Fed.R.Civ.P. 78; Local Rule 7-15. After considering the moving and opposing papers, the Court **GRANTS** ACE's Motion to Dismiss Yingli's Complaint for Writ of Possession pursuant to Fed. R. Civ. P. Rule 12(b)(3).

**I**

**BACKGROUND**

Yingli is a Delaware corporation with its principal place of business in New York. Yingli is in the business of developing, manufacturing, distributing and selling solar photovoltaic modules and related items. (Complaint at ¶ 4.) ACE is a New Jersey corporation with its principal place of business in Massachusetts. ACE is a solar developer and solar engineering procurement and construction contractor. (Id. at ¶ 5.)

3

On December 23, 2011, Yingli and ACE entered into a Supply Agreement for the supply of solar panels to ACE (the "December 2011 Supply Agreement"). (Id. at ¶ 8.) Pursuant to the December 2011 Supply Agreement, ACE agreed to purchase from Yingli, and Yingli agreed to sell to ACE, all items described in purchase orders submitted to Yingli by ACE and acknowledged by Yingli. (Id. at ¶ 9.) In conjunction with the December 2011 Supply Agreement, Yingli and ACE also entered into a Security Agreement on December 23, 2011 (the "December 2011 Security Agreement"). (Id. at ¶ 10.) The December 2011 Security Agreement provided that Yingli, the Secured Party, may finance ACE's, the Debtor's, purchase of solar panel products under the December 2011 Supply Agreement from Yingli. (Id. at ¶ 11.)

On December 28, 2011, ACE submitted purchase orders (the "December 2011 Purchase Orders") to Yingli under the December 2011 Supply Agreement for a total of 17,500 280W solar panels for a total purchase price of $5,012,700.00. (Id. at ¶ 13.) Yingli subsequently acknowledged the December 2011 Purchase Orders. (Id. at ¶ 14.) Payment terms under the December 2011 Purchase Orders required an immediate deposit to Yingli of 10% of the purchase price with the remaining 90% of the purchase price to be paid within ninety days of the date of the December 2011 Purchase Orders. (Id. at ¶ 15.)

On December 30, 2011, Yingli transferred title and delivered the solar panels to ACE via a warehouse transfer. (Id. at ¶ 17.) ACE wired $300,000.00 to Yingli as an initial deposit and subsequently wired $452,513.65 to Yingli. (Id. at ¶ 18.) Under the terms of the December 2011 Supply Agreement and the December 2011 Purchase Orders, ACE owed Yingli the remaining balance of the purchase price by March 27, 2012. (Id. at ¶ 19.) Yingli alleges that ACE failed to make payment on the

4

remaining balance and owes Yingli $4,260,187.35 for the products provided under the December 2011 Purchase Orders, plus interest. (Id. at ¶¶ 20, 21.) Yingli alleges despite multiple demands to ACE to make such payment, ACE has failed to pay any of the outstanding amount owed under the December 2011 Agreements to Yingli. (Id. at ¶ 22.) Yingli alleges despite multiple demands to both ACE and their third party agent Expeditors, both ACE and Expeditors have refused and continue to refuse to permit Yingli to retake possession of the solar panels pursuant to the terms of the December 2011 Security Agreement, specifically Section 8, and Yingli's rights under the UCC and applicable law. (Id. at ¶¶ 23, 29.)

Yingli has initiated an arbitration claim against ACE in New York pursuant to the arbitration agreement contained in the December 2011 Supply Agreement governing the sale of these panels to ACE.[1] (Id. at ¶ 3.) However, Yingli alleges this action for writ of possession is necessary as it is an exercise of Yingli's rights under the Security Agreement and the UCC, independent of and notwithstanding the parties' arbitration of their dispute. Furthermore, Yingli alleges the panels have depreciated substantially over the last year and continue to depreciate with each day they remain in storage. (Id.)

The December 2011 Security Agreement provides as follows in Section 13(f):

"Applicable Law; Consent to Jurisdiction."

"This Agreement, the respective rights and

---

[1] ACE has submitted a copy of the Arbitration Complaint filed by Yingli in New York on September 26, 2012 alleging causes of action for breach of contract, unjust enrichment and quantum meruit. See "Declaration of Robert Dowd in Support of its Motion to Dismiss and Opposing Yingli's Writ of Attachment," Exhibit A.

responsibilities of the parties hereunder, and the Obligation shall be governed by and construed in accordance with the laws, without reference to principles of conflicts of laws, of the state of New York.  Any dispute or claim arising out of or relating to this Agreement, the Obligations, any Collateral, or any document delivered hereunder or in connection herewith shall be resolved exclusively by litigation in the federal or state courts situated in New York, New York and the courts having jurisdiction to hear appeals from such courts.  Debtor hereby submits itself to personal jurisdiction in such courts with respect to such disputes, claims and litigation, and waives any objection based on lack of personal jurisdiction, improper venue or forum non conveniens.  Debtor waives personal service of any and all process, and consents to all such service of process made by mail or by messenger directed to the address specified below.  Nothing herein shall affect Secured Party's right to serve process in any manner permitted by law or shall limit Secured Party's right to bring proceedings against Debtor or its property or assets in the competent court of any other jurisdiction or jurisdictions."  (See, Declaration of Mathew Sachs in Support of Application for Writ of Possession, Exhibit B; "December 2011 Security Agreement.")

**II**

**LEGAL STANDARD**

A.  **Rule 12(b)(3)**.

A motion to dismiss or transfer premised upon a forum selection clause is properly brought under Federal Rule of Civil Procedure

12(b)(3). Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). In considering such a motion, "[the] pleadings need not be accepted as true, and facts outside the pleadings may be considered." Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). In "the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004).

Once venue is challenged, plaintiff bears the burden of showing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). If the court determines that venue is improper, it may dismiss the case, or, in the interests of justice, transfer it to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); Dist. No. 1, Pacific Coast Dist. M.E.B.A. v. State of Alaska, 682 F.2d 797, 799 (9th Cir. 1982). Alternatively, even if the court determines that venue is proper, the Court may, for the convenience of parties and witnesses and in the interest of justice, transfer the action to another forum. 28 U.S.C. § 1404(a). In either case, the decision of whether to transfer an action is a matter within the district court's discretion. See 28 U.S.C. § 1404(b); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

Federal law governs the enforceability of forum selection clauses in diversity actions. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988). A forum-selection clause is presumptively valid and should not be set aside unless the party challenging enforcement of such a provision can show it is unreasonable or fundamentally unfair. Carnival Cruise Lines, Inc. v. Shute, 499 U.S.

7

585, 593-95, 111 S.Ct. 1522 (1991); <u>Chan v. Society Expeditions, Inc.</u>, 123 F.3d 1287, 1295 (9th Cir. 1997). A forum selection clause is "unreasonable" if: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his or her day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which suit is brought. <u>Murphy</u>, 362 F.3d at 1140 (citing <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 12-18, 92 S.Ct. 1907 (1972)). The "unreasonableness" exception to enforcement of a forum selection clause is to be narrowly construed. <u>Arqueta</u>, 87 F.3d at 325. In addition, the party challenging a forum selection clause bears a "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." <u>Id</u>.  If the forum selection clause is found to be enforceable, then any claim brought in a forum different from that selected in the forum selection clause will be dismissed for improper venue.  <u>Arqueta</u>, 87 F.3d at 326-27; see <u>Bremen</u>, 407 U.S. at 10.

**B.   <u>Rule 12(b)(6)</u>**.

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.' " <u>Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.</u>, 922 F.Supp. 299, 304 (C.D.Cal., 1996) (quoting <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir.1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations ." Summit Technology, 922 F.Supp. at 304 (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) cert. denied, 454 U.S. 1031, 102 S.Ct. 567 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990)(citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996).

//
//
//

**III**

**DISCUSSION**

ACE argues that Yingli's Complaint should be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(3) for lack of venue because Yingli agreed to a forum selection clause selecting the federal or state courts situated in New York, New York as the sole forum for litigating disputes relating to the December 2011 Security Agreement. (MTD at 6.) ACE argues that the December 2011 Security Agreement mandates that all disputes "arising out of or relating to this Agreement, the Obligations, any Collateral, or any document delivered hereunder or in connection herewith shall be resolved exclusively by litigation in the federal or state courts situated in New York." (See Sachs Decl., Exhibit B, "December 2011 Security Agreement, Section 13(f).")

Yingli argues that ACE omits any reference or discussion of the last sentence at the end of Section 13(f) of the December 2011 Security Agreement which states, "Nothing herein shall affect Secured Party's rights to serve process in any manner permitted by law, or shall limit Secured Party's right to bring proceedings against debtor or his property or assets in the competent court of any jurisdiction or jurisdictions." (Sachs Decl., Exhibit B.) Yingli argues that the last sentence permits suit by the Secured Party (Yingli) in "any jurisdiction or jurisdictions."

A contractual forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Breman v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907 (1972). Yingli makes no allegations of fraud or undue influence underlying the forum selection clause that would render its enforcement unreasonable. See Pelleport

10

Investors, Inc. v. Budco Quality Theaters, Inc., 741 F.2d 273, 280 (9th Cir. 1984). The sole issue before the Court is whether the forum selection clause is enforceable. This depends on whether the Court finds the language in the forum selection clause to be mandatory or permissive. ACE contends that the forum selection clause vests jurisdiction exclusively in the state or federal courts situated in New York. Yingli contends that the last sentence in Section 13(f) of the December 2011 Security Agreement permits suit by Yingli in "any jurisdiction or jurisdictions." Yingli argues that while the December 2011 Security Agreement provides that any disputes or claims arising out of the Agreement are to be resolved exclusively by litigation in the federal or state courts of New York, it also contains a carve out provision allowing Yingli to bring proceedings against ACE or its property or assets in the competent court of any jurisdiction or jurisdictions. Yingli also argues that public policy favors bringing suit in California as the property is located in California.

Federal law is applied in order to interpret a forum selection clause. Simonoff v. Expedia, Inc., 643 F.3d 1202, 1205 (9th Cir.2011); AOL, 552 F.3d at 1081. "The plain language of the contract should be considered first, with the understanding that the common or normal meaning of the language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." Simonoff, 643 F.3d at 1205; AOL, 552 F.3d at 1077. A forum selection clause will be enforced where venue is specified through mandatory language. Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir.1989). However, if the language of the forum selection clause is non-mandatory or permissive, the forum selection clause will not preclude suit elsewhere. Northern California Dist. Council of

Laborers v. Pittsburgh-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir.1995); Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir.1987). To be mandatory, the clause must contain language that clearly designates a particular forum as the exclusive forum. Northern Cal., 69 F.3d at 1037. "When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." Docksider, 875 F.2d at 764.

The forum selection clause contained in Section 13(f) of the December 2011 Security Agreement specifically states that "Any dispute or claim arising out of or relating to this Agreement, the Obligations, any Collateral, or any document delivered hereunder or in connection herewith shall be resolved exclusively by litigation in the federal or state courts situated in New York, New York and the courts having jurisdiction to hear appeals from such courts." (Sachs Decl.,Exhibit B) The plain meaning of the words "exclusively by litigation in the federal or state courts situated in New York" clearly mandates that any dispute or claim arising out of the Agreement be resolved in the federal or state courts of New York. The Agreement is also governed by and construed in accordance with the laws of the State of New York. The Court finds that the language of the forum selection clause makes it clear that the parties intended that venue lies exclusively in the courts of New York. See Docksider, 875 F.2d at 764. In fact, the language in Section 13(f) specifically uses the word "exclusively" with respect to resolving any dispute or claim by litigation by the federal or state courts situated in New York. Thus, proper venue lies in the federal or state courts in New York, New York. Accordingly, because the claims alleged in the Complaint for Writ of Possession fall within the

scope of a mandatory presumptively valid forum selection clause, the Court must enforce the parties' choice of forum and dismiss this action for improper venue.[2]

Therefore, the Court concludes that the forum selection clause specifying that any disputes or claims arising out of the Security Agreement shall be resolved exclusively by litigation in the federal or state courts in New York contained in Section 13(f) of the December 2011 Security Agreement is enforceable. In addition, the Court concludes that dismissal, rather than transfer to a New York court, is appropriate. See Tolentino v. Mossman, 2007 WL 4404447, at *7 n. 9 (E.D. Cal. Dec. 13, 2007)(dismissing action rather than transferring it to federal court where a forum selection clause permitted filing in either federal or state court). Accordingly, ACE's Motion to Dismiss Yingli's Complaint for Writ of Possession pursuant to Rule 12(b)(3) is **GRANTED**. Yingli's Complaint for Writ of Possession is Dismissed without prejudice. The Court **HEREBY DEEMS** Yingli's Application for Writ of Possession **MOOT** in light of the Court's dismissal of the Complaint.

**IT IS SO ORDERED.**


DATED:  January 23, 2013                    /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] ACE also contends that the action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1) on the grounds it violates the rule against "claim splitting" and "first to file rule." Yingli argues that this action does not violate the rule against "claim splitting" or the "first to file rule" because this action does not seek the same relief as the arbitration. The Court declines to address these arguments as the Court finds venue improper.